AO 245B (Rev. 6/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Northern District of Ohio

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| ANTOINE HUDSON | Case Number: 1:06CR452-001 |
| | USM Number: 30921-160 |
| | MICHAEL J. GOLDBERG |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔]  pleaded guilty to count(s): <u>1 of the Indictment</u>.
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 922(g) | Felon In Possession of a Firearm | 07/22/06 | 1 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___.

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

March 7, 2007
Date of Imposition of Judgment

*Christopher A. Boyko*
Signature of Judicial Officer

FILED
MAR - 8 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

CHRISTOPHER A. BOYKO, United States District Judge
Name & Title of Judicial Officer

3/8/07
Date

AO 245B (Rev. 6/05) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 1:06CR452-001 | Judgment - Page 2 of 6 |
| DEFENDANT: | ANTOINE HUDSON | |

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 50 Months.

The defendant shall participate in the Bureau of Prison's Substance Abuse Treatment Program. The defendant shall participate in the Bureau of Prison's Residential Substance Abuse Treatment Program. The defendant shall participate in a mental health evaluation and/or mental health counseling at the direction of the Bureau of Prisons.

[X] The court makes the following recommendations to the Bureau of Prisons:
- The defendant shall be given credit for time served
- The defendant shall participate in the Institution's Intensive Drug Treatment Program
- The defendant shall participate in the Institution's Anger Management Program

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before 2:00 p.m. on _____.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 6/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:06CR452-001 | Judgment - Page 3 of 6 |
| DEFENDANT: | ANTOINE HUDSON | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 Years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 6/05) Sheet 3 - Supervised Release

CASE NUMBER: 1:06CR452-001
DEFENDANT: ANTOINE HUDSON

Judgment - Page 4 of 6

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, at the direction of the probation officer, which may include testing to determine if the defendant has reverted to substance abuse.

The defendant shall participate in a mental health treatment program at the direction of the probation officer.

The defendant shall submit his person, residence, place of business, computer, or vehicle to a warrantless search, conducted and controlled by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

AO 245B (Rev. 6/05) Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 1:06CR452-001 | Judgment - Page 5 of 6 |
| DEFENDANT: ANTOINE HUDSON | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ WAIVED | $ N/A |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ ___ | $ ___ | |

[ ] Restitution amount ordered pursuant to plea agreement $____

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ] The interest requirement is waived for the [] fine [] restitution.

[ ] The interest requirement for the [] fine [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 6/05) Sheet 6 - Criminal Monetary Penalties

CASE NUMBER: 1:06CR452-001 Judgment - Page 6 of 6
DEFENDANT: ANTOINE HUDSON

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $ due immediately, balance due

    [ ] not later than    or
    [ ] in accordance with      [ ] C,    [ ] D,  [ ] E, or    [ ] F below; or

B [ ] Payment to begin immediately (may be combined with    [ ] C    [ ] D, or    [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [✔] Special instructions regarding the payment of criminal monetary penalties:

    [✔] A special assessment of $100.00 is due in full immediately as to count(s) ___1___.
    PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT

    [ ] After the defendant is release from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the restitution. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several (Defendant name, Case Number, Total Amount, Joint and Several Amount and corresponding payee):

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

07MR07HudsonX.txt

1

1 THE COURT: Okay. So again we've got to take
2 care of business from this end. I'm going to have to send
3 you to prison, you understand that, and I would tend to
4 agree with Mr. Brown about where you should be in the
5 advisory guideline.
6 You've got your criminal history that pushes
7 you towards the end, the upper end. Then you've got your
8 problems, mental health, psychological problems and your
9 awareness of them that starts bringing it back down. So
10 it's a push and pull, and this is where we end up is
11 basically around the middle.
12 And I think that's a good way of looking at
13 it, good way of analyzing it, because there's aggravating
14 circumstances, but there are also mitigating circumstances
15 here.
16 All right. So I'm going to give you a
17 sentence which I believe is sufficient but not greater than
18 necessary to comply with everything we've talked about, all
19 those factors.
20 All right. Mr. Hudson, it's the judgment of
21 this Court that you are committed to the custody of the
22 Bureau of Prisons for a term of 50 months. Make it an even
23 50.
24 Defendant shall pay to the United States a
25 special assessment of $100 which shall be due immediately.

2

1 Upon release from imprisonment, defendant
2 shall be placed on supervised release for a term of three

07MR07HudsonX.txt

3 years. Within 72 hours from release of the custody of the
4 Bureau of Prisons, defendant shall report in person to the
5 U.S. Pretrial Services and Probation Office in the
6 sentencing district or to the district which defendant is
7 released.
8     Based upon a review of your financial
9 condition, I will find that you have no ability to pay the
10 fine and I will waive it. While on supervised release,
11 defendant shall not commit another federal, state or local
12 crime; shall not illegally possess a controlled substance;
13 shall comply with the standard conditions that have been
14 adopted by this Court; and shall comply with the following
15 additional conditions.
16     Defendant shall refrain from any unlawful use
17 of a controlled substance, and submit to one drug test
18 within 15 days of the commencement of supervision, and to at
19 least two periodic tests thereafter as determined by the
20 Pretrial Services and Probation officer.
21     Defendant shall not possess a firearm,
22 destructive device or any dangerous weapon. Defendant shall
23 submit his person, residence, place of business, computer or
24 vehicle to a warrantless search conducted and controlled by
25 the U.S. Probation officer at a reasonable time and in a

    3

1 reasonable manner based upon reasonable suspicion of
2 contraband or evidence of a violation of a condition of
3 release.
4     Failure to submit to a search may be grounds
5 for revocation. Defendant shall inform any other residents
6 that the premises may be subject to a search pursuant to
7 this condition.

Page 2

07MR07HudsonX.txt

```
 8              Defendant shall participate in approved
 9  program outpatient, in-patient or detoxification, substance
10  abuse treatment which will include drug and alcohol testing
11  to determine if the defendant has reverted to substance
12  abuse.  I will also make the recommendation that you
13  participate in drug treatment, that is a substance abuse
14  program, while incarcerated, the most intensive for which
15  you qualify.
16              Defendant shall participate in an outpatient
17  mental health treatment program as directed by the probation
18  officer, and also I'll make a recommendation for you to
19  participate in an institutional mental health
20  treatment/anger management program.
21              Defendant shall cooperate in the collection of
22  DNA as directed by the probation officer.
23              All right.  A couple other things here.
24              Mr. Hudson, before I read you your appellate
25  rights, I've ordered a lot of things in this case and I
```
                                                              4

```
 1  could order a hundred things in this case, but the bottom
 2  line comes down to what do you really want to do with
 3  yourself in the institution and when you get out.  If you
 4  decide to make a change in the institution, you can do that
 5  because the programs will be available to you.  If you want
 6  help, there will be help when you get out from our federal
 7  system for you.
 8              So again I can order you to stand on your head
 9  in that corner.  It doesn't mean anything unless you decide
10  to take advantage of the programs.
11              You understand?
```
                              Page 3

```
                              07MR07HudsonX.txt
 12               THE DEFENDANT:  Yes, sir.
 13               THE COURT:  All right.  As far as appeal, you
 14     have the right to appeal this conviction or sentence in this
 15     case and you must do so within ten days after entry of this
 16     judgment.  If you cannot have the papers properly prepared
 17     and filed on your behalf, we will do that and help you with
 18     that.  And if you need counsel, of course, we will help you
 19     with counsel on appeal, also.
 20               But the bottom line is you have the right to
 21     have everything taken care of and we will give you the help
 22     that you need.  You understand that, Mr. Hudson?
 23               THE DEFENDANT:  Yes, sir.
 24               THE COURT:  Okay.  And, Mr. Goldberg, I would
 25     just ask you to protect Mr. Hudson's appellate rights if he
                                                                    5


  1     desires to appeal pending that decision.
  2               MR. GOLDBERG:  Yes, Your Honor.  Thank you.
  3               THE COURT:  Okay.  And we will make a
  4     recommendation to the Bureau of Prisons that you be placed
  5     in Mississippi.  I'm sure Mr. Goldberg has explained to you
  6     that the final decision is theirs.  This is only a
  7     recommendation, but we will make it, but they will
  8     ultimately decide where to send you.
  9               And you make a good point, Mr. Hudson, about
 10     coming back to the same environment that you started out and
 11     had been involved in.  Not a bad idea to change environments
 12     and start somewhere new; not a bad idea at all, whether it's
 13     Mississippi or someplace else.
 14               Okay.  Mr. Goldberg, anything further?
 15               MR. GOLDBERG:  No, Your Honor.  Thank you very
 16     much.
                                  Page 4
```

07MR07HudsonX.txt

17 THE COURT: Okay. Mr. Brown, anything
18 further?
19 MR. BROWN: Nothing further, Your Honor.
20 THE COURT: Mr. Lewis, anything further?
21 THE PROBATION OFFICER: Nothing further.
22 Thank you.
23 THE COURT: Okay. We're adjourned and he's
24 remanded.
25